Mr. Justice Clayton,
delivered the opinion of the court.
By the will of John Foster deceased, his whole estate was left subject to sale at the discretion of his executor, under certain circumstances, and after the payment of his debts and some small special legacies, the balance was directed to be divided and to go to his wife and children, or the survivors of them, agreeably to the laws of the country. The executor sold the whole real and personal estate together, for the sum of $116,000, and the widow of Foster executed a deed, by which for a nominal consideration, she conveyed all her rights to the purchaser. This was done to show her concurrence in the sale. She afterwards married Hart, and this petition was filed in the probate court of Adams county, to compel a final settlement of his account by the executor, to obtain her portion of the personal estate, and to obtain interest on one-third of the amount for which the real estate sold, as a commutation for her dower therein. The executor filed an answer and plea to so much ol the petition as related to personalty; and a demurrer to so much as related to the realty, on the ground that the court had no jurisdiction, and that the children and legatees of Foster should have been parties. The court sustained the demurrer, and dismissed the petition so far as it related to the proceeds of the real estate; from which order the cause comes by appeal to this court. No other points than those raised by the demurrer, are before this court.
It is not always easy to define the boundaries of jurisdiction between the different courts, and cases will sometimes arise, which make it doubtful whether they fall more properly withir. the cognizance of one or another. In one point of view, this case partakes of that character. A court of probate unquestionably has jurisdiction in matters of dower, and we have heretofore decided that in such cases, the only inquiry is, whethei there was seisin in the husband, and whether the wife has *287 parted, with her right. If the husband were seized, and she has not parted with her right, then the court must grant her petition. Caruthers v. Wilson, 1 S. & M. 527. In this instance she has alienated her right of dower, to give effect, as she alleges, to the will of her husband. But that intention does not remove the difficulty. If she parted with her right voluntarily and without fraud upon her, her claim to compensation must rest upon contract, express or implied. Would the court of probate then have jurisdiction over the subject-matter, that is, over the contract, and have power to enforce it? It occurs to us very strongly, that it would not; and that if this were a case of intestacy, in which the widow joined in making a conveyance, she could not resort to that court for relief. Her claim would then rest upon contract, express or implied, with the administrator, and she must resort to some court which has jurisdiction of contracts. In other words, it would be a controversy not in regard to the administration of an estate, nor in regard to the estate itself, but in reference to rights which had grown out of the estate, in consequence of the dealings of the parties. Upon the principles which were argued, we should feel much difficulty in arriving at the conclusion, that the court had jurisdiction in s.uch a state of facts. In this case, however, there is a will, and another view is presented. By the will, the whole estate might be sold at the discretion of the executor; and it was in fact sold, with the concurrence of the widow, and, with a conveyance of all her title for the Satisfaction of the purchaser. This question then arises, whether, by the terms of the will and the action under it, the whole estate was not converted into personalty. Whether that character was not stamped upon it, and whether all does not pass by the will as personalty. In Pratt v. Taliaferro, 3 Leigh, 419. 1 Lomax on Ex. 220.
We shall not decide this point now, because it was not presented in the argument, nor is it necessary in this stage of the cause; but we shall allow it so much weight as to say that it deserves consideration, and that if the estate is by the will converted into personalty, the court has jurisdiction.
Several other points are presented, which are not now before *288 us, the case having come up only on the question of jurisdiction, over that part of the fund which arose from a sale of the real estate. As in one view of that question — its conversion into personalty — the court would certainly have jurisdiction, and as that view, to say no more, ought not to be excluded, we shall reverse the order, and remand the cause for further proceedings.
To raise this question in the court below, the appellants will probably find it necessary to amend their petition. This the court can allow or not at pleasure, and can impose such terms as it may deem just.
Order of reversal and cause remanded.